UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | |
| v. | ) | JUDGE |
| | ) | |
| $8,000.00 IN UNITED STATES | ) | MAGISTRATE JUDGE |
| CURRENCY, | ) | |
| Defendant *in rem.* | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW INTO COURT comes the UNITED STATES OF AMERICA (the "Government") by and through the United States Attorney for the Western District of Louisiana and the undersigned Assistant United States Attorney, who brings this Complaint for Forfeiture *in rem* for the reasons set forth hereafter:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(a) as the Government is the plaintiff commencing this forfeiture action.

2.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Western District of Louisiana.

3.      Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the defendant *in rem* was found and seized in the Western District of Louisiana.

## DEFENDANT *IN REM*

4.      The defendant *in rem* of this action consists of EIGHT THOUSAND DOLLARS ($8,000.00) in U.S. Currency that was seized on May 31, 2019 at the United States Postal Service

Processing and Distribution Center located 2400 Texas Avenue, Shreveport, Louisiana 71102 (hereinafter the "Defendant Property").

5.      The Defendant Property remains in the custody of the United States Postal Inspection Service.

## FACTS

6.      The U.S. Mail is often used by narcotics traffickers to transport controlled substances, as well as U.S. Currency derived from the distribution of controlled substances. This occurs because traffickers know that the U.S. Mail, particularly Express and Priority Mail, is considered First Class Mail and is protected against inspection without a Federal Search Warrant.

7.      On May 30, 2019, during the course of a review of inbound Express Mail parcels at the United States Postal Service Process and Distribution Center in Shreveport, Louisiana, Postal Inspectors recovered a suspicious Express Mail Parcel, #EJ039450306US (the "Parcel"). The Parcel was addressed as follows:

Recipient:      Esther Mae, 229 E. 122nd St., Los Angeles, California 90061.

Sender:         Nicholas Glover, 213 7th SW, Springhill, Louisiana 71075

8.      The Parcel was suspicious because its characteristics were consistent with others which, in the past, contained proceeds of controlled substances.

9.      Postal Inspectors determined that the sender's address was a valid delivery address and the sender's name, Nicholas Glover, was associated with the address. Prior investigations by Postal Inspectors have identified the origin city, Springhill, Louisiana and surrounding areas, as a source area for narcotics and controlled substances or the proceeds of controlled substance sales, or money furnished or intended to be furnished in exchange for controlled substances.

10.     The recipient's address was also a valid delivery address; however, the recipient's name, Esther Mae, could not be associated with the address. Postal Inspectors confirmed that the recipient's address has received numerous packages from multiple narcotics destination areas.

11.     According to the shipping label, the Parcel was mailed on May 29, 2019 from Bossier City, Louisiana 71111. The zip code of mailing, 71111, was different from the zip code listed on the return address portion of the Express Mail label, which was 71075. Prior investigations have revealed that narcotics traffickers will often mail a parcel from an address that is different from the return address of the sender to avoid detection.

12.     The shipping label was handwritten and the "Signature Required" section was not checked. This allowed the Parcel to be delivered without the recipient or the recipient's agent having to sign for the Parcel. Narcotics traffickers often waive the signature requirement to thwart the identification of the recipient, if the recipient's address is being investigated by law enforcement.

13.     On May 30, 2019, the Parcel was exposed to a narcotic detection canine, "Sita," at the Postal Inspection Service located at 2400 Texas Avenue, Shreveport, Louisiana 71102. Sita is handled by Deputy Canine Officer Christian Dickey with the Caddo Parish Sheriff's Office. Deputy Dickey and Sita received their certification through the National Police Canine Association and have numerous hours of training in the detection of controlled substances such as Marijuana, Cocaine and Methamphetamine.

14.     Sita conducted an open air examination of the Parcel. Deputy Dickey advised Postal Inspectors that Sita made a positive alert to the presence of a controlled substance scent from inside the Parcel.

15.     On May 31, 2019, a Federal Search Warrant was obtained and executed for the Parcel resulting in the discovery of the Defendant Property.

16.     Upon opening the Parcel, Postal Inspectors observed a plastic grocery bag and miscellaneous party supplies inside of a gift bag. At the bottom of the gift bag, Postal Inspectors found an old dirty sock concealing $8,000 in U.S. Currency.

17.     There were no other documents, notes, or instructions included with the Defendant Property. Prior investigations by Postal Inspectors have shown that traffickers rarely include any type of instruction with the proceeds of controlled substances. Legitimate business transactions or personal gifts would ordinarily contain some form of note, letter, receipt, or card with cash or monetary instruments.

18.     The Defendant Property was seized on May 31, 2019 at the United States Postal Service Processing and Distribution Center located 2400 Texas Avenue, Shreveport, Louisiana 71102.

19.     On July 18, 2019, the United States Postal Service ("USPS") sent Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings as required by 18 U.S.C. § 983(a)(1)(A) to the known interested parties: Nicholas Glover, 213 7th SW, Springhill, Louisiana 71025; and Esther Mae, 229 E. 122nd Street, Los Angeles, California 90061.

20.     Nicholas Glover ("Glover") filed a claim of ownership to the Defendant Property on August 5, 2019. The time has expired for any other person to file a claim to the Defendant Property under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other than Glover has filed a claim to the Defendant Property as required by law in the administrative forfeiture proceeding.

21.     Glover claimed that the Defendant Property was placed in the mail by mistake. He claimed to have saved the money to purchase a vehicle and was on his way to do so when he placed the money in the mail by error.

22.     On August 9, 2019, the USPS sent Glover a request for documentation to support his claim. Specifically, the USPS requested information regarding: 1) Glover's relationship to the recipient of the Parcel; 2) the vehicle Glover intended to purchase; 3) the packaging of the Defendant Property; 4) the source of the funds; and 5) actions taken by Glover to retrieve the Defendant Property between the date it was seized and the date he received notice of the seizure.

23.     Glover received the USPS' request for additional information on August 12, 2019. To-date, Glover has not responded to this request.

## VIOLATION OF 18 U.S.C. §§ 841 and 1956

24.     Pursuant to 18 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

25.     Section 1956(a)(1) of Title 18 makes it unlawful for a person to conduct or attempt to conduct a financial transaction involving the proceeds of a specified unlawful activity, knowing that the property involved in the transaction represents the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity.

26.     18 U.S.C. § 1956(c)(4) defines a financial transaction as a transaction which in any way affects interstate commerce involving one or more monetary instruments.

27.     The term transaction includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, under 18 U.S.C. § 1956(c)(3).

28.     Monetary instruments are defined in Section 1956(c)(5) of Title 18 as coin or currency of the United States.

29.     The term "specified unlawful activity" as defined in Sections 1956(c)(7) and 1961(1) of Title 18 includes dealing in a controlled substance.

## CLAIM FOR RELIEF

30.     The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was furnished or intended to be furnished in exchange for a controlled substance; is traceable to such an exchange; or was money used or intended to be used to facilitate a violation of Chapter 13, Subchapter I of Title 21 of the United States Code.

31.     The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956.

32.     The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C) because it constitutes or is derived from proceeds traceable to a specified unlawful activity as defined by 18 U.S.C. § 1956(c)(7)(A).

33.     This action is required to be brought in the United States District Court pursuant to 18 U.S.C. § 983(a)(3)(A), because Nicholas Glover filed a claim of ownership in the administrative forfeiture proceeding.

## CONCLUSION AND RELIEF

Plaintiff, the United States of America, requests that a warrant and summons be issued for the arrest and seizure of the Defendant Property; that due notice be given to all interested persons known or thought to have an interest in or right against the Defendant Property to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant

Property be condemned and forfeited to the United States of America; that the United States of

America be awarded costs and disbursements in this action according to law; and that the United

States be granted such other further relief as this Court may deem just and proper.


Respectfully submitted,

DAVID C. JOSEPH
United States Attorney


Dated:   November 1, 2019

*s/ Jerry Edwards*
JERRY EDWARDS
Assistant United States Attorney
300 Fannin St., Suite 3201
Shreveport, Louisiana 71101
(318) 676-3600
(Louisiana Bar No. 30242)

**VERIFICATION**

I, JOSHUA KOCHER, state that I am a Postal Inspector with the United States Postal Inspection Service in the Houston Division Headquarters.  I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me or upon information received from other law enforcement agents.

Joshua Kocher, Postal Inspector

Dated: October 31, 2019

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

$8,000 in U.S. Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jerry Edwards
Assistant United States Attorney
300 Fannin Street, Suite 3201, Shreveport, LA 71101, 318-676-3614

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 USC 881; 18 USC 981

Brief description of cause:
Civil Asset Forfeiture

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/01/2019

SIGNATURE OF ATTORNEY OF RECORD
*Jerry Edwards*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____